**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| YRC INC., YELLOW LOGISTICS, INC., USF HOLLAND LLC, USF REDDAWAY INC., NEW PENN MOTOR EXPRESS, LLC, and YRC ENTERPRISE SERVICES, INC., | Adversary Proceeding No. _____ |
| Plaintiffs, | |
| v. | |
| FIRST BRANDS GROUP, LLC, ASC INDUSTRIES, INC., BRAKE PARTS INC LLC, CARTER FUEL SYSTEMS, LLC, CHAMPION LABORATORIES, INC., CWD, LLC, FRAM GROUP OPERATIONS LLC, HORIZON GLOBAL AMERICAS INC., INTERNATIONAL BRAKE INDUSTRIES, INC., TRICO PRODUCTS CORPORATION, and WALBRO LLC, | |
| Defendants. | |

## **COMPLAINT**

This adversary proceeding is brought by Plaintiffs YRC Inc., Yellow Logistics, Inc., USF

Holland LLC, USF Reddaway Inc., New Penn Motor Express, LLC, and YRC Enterprise Services,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Inc. (collectively, "Yellow"), as debtors and debtors-in-possession in the jointly administered chapter 11 cases of Yellow Corporation and its subsidiaries pending before the United States Bankruptcy Court for the District of Delaware.  Yellow, by and through its undersigned counsel, states as its Complaint against Defendants First Brands Group, LLC, ASC Industries, Inc., Brake Parts Inc LLC, Carter Fuel Systems, LLC, Champion Laboratories, Inc., CWD, LLC, Fram Group Operations LLC, Horizon Global Americas Inc., International Brake Industries, Inc., Trico Products Corporation, and Walbro LLC (collectively, "First Brands") the following:

## INTRODUCTION

1.     For over two years, Yellow has tried in vain to collect its accounts receivable from First Brands.  Prior to the commencement of these chapter 11 cases, Yellow provided valuable Transportation Services[2] to First Brands under an LTL Motor Carrier Transportation Contract. First Brands has never disputed that it owes Yellow not less than $5,520,329 on account of Transportation Services provided by Yellow, nor is there any question that the money is legally owed to Yellow.  Despite Yellow's repeated demands for payment and ample opportunity to satisfy its outstanding debt—which, upon the commencement of these chapter 11 cases, became property of the bankruptcy estate—First Brands has willfully refused to honor its obligations and withheld funds that are estate property.  Yellow now brings this action to enforce its rights and secure the compensation for services provided in good faith and in reliance of First Brands' promises.

### Nature of the Action

2.     On August 6, 2023 (the "Petition Date"), Yellow Corporation and certain of its subsidiaries, including Yellow (collectively, the "Debtors"), each filed a voluntary petition in the

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement (as defined herein).

United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  In the First Day Declaration,[3] the Debtors stated that they commenced these chapter 11 cases to pursue an orderly wind-down of their estates in order to maximize value and minimize the impact of the shutdown of the Debtors' business for all stakeholders.[4]  As of the date of this filing, the Debtors have successfully sold a majority of their assets and paid off all their secured debt.

3.      In connection with the Debtors' chapter 11 cases, this adversary proceeding seeks a declaratory judgment for immediate turnover of estate property.  In the alternative, Yellow asserts claims of breach of contract, account stated, quantum meruit, and unjust enrichment, and seeks restitution as damages.

## Parties

4.      YRC Inc. d/b/a YRC Freight is a Delaware corporation with its principal place of business located at 10990 Roe Avenue, Overland Park, Kansas 66211.

5.      Yellow Logistics, Inc. is a Delaware corporation with its principal place of business located at 11500 Overlook Street, Suite 400, Overland Park, Kansas 66211.

6.      USF Holland LLC d/b/a Holland is a Delaware limited liability company with its principal place of business located at 700 S. Waverly Road, Holland, Michigan 49423.

7.      USF Reddaway Inc. d/b/a Reddaway is an Oregon corporation with its principal place of business located at 7720 SW Mohawk Street, Building H, Tualatin, Oregon 97062.

8.      New Penn Motor Express, LLC is a Delaware limited liability company with its principal place of business located at 10990 Roe Avenue, Overland Park, Kansas 66211.

---

[3]     ECF No. 14, *Decl. of Matt Doheny, Chief Restructuring Officer of the Debtors, in Supp. of the Debtors' Chapter 11 Pets. and First Day Mots.* (filed August 7, 2023) (the "Doheny Decl.").

[4]     *See In re Yellow Corporation,* et al., Case No. 23-11069 (CTG) (Bankr. Del. Aug. 7, 2023), ECF No. 14.

9.      YRC Enterprise Services, Inc. is a Delaware corporation with its principal place of business located at 10990 Roe Avenue, Overland Park, Kansas 66211.

10.     On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.[5]

11.     The Debtors are debtors-in-possession in the above-captioned bankruptcy proceedings by virtue of filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on the Petition Date.

12.     Defendant First Brands Group, LLC, upon information and belief, is a Delaware limited liability company with its principal place of business located at 127 Public Square, Suite 5300, Cleveland, Ohio 44114.

13.     Defendant ASC Industries, Inc., upon information and belief, is an Ohio corporation with its principal place of business located at 2100 International Parkway, North Canton, Ohio 44720.

14.     Defendant Brake Parts Inc LLC, upon information and belief, is a Delaware limited liability company with is principal place of business located at 4400 Prime Parkway, McHenry, Illinois 60050.

15.     Defendant Carter Fuel Systems, LLC, upon information and belief, is a Delaware limited liability company with its principal place of business located at 101 East Industrial Boulevard, Logansport, Indiana 46947.

---

[5]      *See In re Yellow Corporation,* et al., Case No. 23-11069 (CTG) (Bankr. Del. Aug. 7, 2023), ECF No. 169.

16.     Defendant Champion Laboratories, Inc., upon information and belief, is a Delaware corporation with its principal place of business located at 200 South 4th Street, Albion, Illinois 62806.

17.     Defendant CWD, LLC (d/b/a Centric Parts), upon information and belief, is a California limited liability company with its principal place of business located at 127 Public Square, Suite 5110, Cleveland, Ohio 44114.

18.     Defendant Fram Group Operations LLC, upon information and belief, is a Delaware limited liability company with its principal place of business located at 127 Public Square, Suite 5300, Cleveland, Ohio 44114.

19.     Defendant Horizon Global Americas Inc. (f/k/a Cequent Performance Products, Inc.), upon information and belief, is a Delaware corporation with its principal place of business located at 47912 Halyard Drive, Suite 100, Plymouth, Michigan 48170.

20.     Defendant International Brake Industries, Inc., upon information and belief, is a Delaware corporation with its principal place of business located at 1840 North McCullough Street, Lima, Ohio 45801.

21.     Defendant Trico Products Corporation, upon information and belief, is a New York corporation with its principal place of business located at 3255 West Hamlin Road, Rochester Hills, Michigan 48309.

22.     Defendant Walbro LLC, upon information and belief, is a Delaware limited liability company with its principal place of business located at 6242 Garfield Avenue, Cass City, Michigan 48726.

**Jurisdiction and Venue**

23.    The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

24.    This is a core proceeding under 28 U.S.C. § 157(b).

25.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408-09.

**FACTS**

26.    Prior to the Petition Date, Yellow was a leading trucking and logistics company, boasting one of the largest less-than-truckload ("LTL") networks in North America.

27.    This network enabled Yellow to provide customers with regional, national, and international shipping services of transportation logistics and LTL services.

28.    First Brands is a global automotive parts company that develops, markets, and sells premium automotive products through a portfolio of market-leading brands.

29.    Upon information and belief, First Brands manages and markets a portfolio of well-known brands in the automotive aftermarket.

30.     On March 15, 2021, Yellow and First Brands (together, the "Parties") entered the LTL Motor Carrier Transportation Contract (the "Agreement," attached as Ex. A) that outlined the terms by which Yellow would transport First Brands' goods.

31.     The term of the Agreement commenced on March 15, 2021, and remains in effect unless affirmatively terminated by either Party, subject to the provisions of the Agreement. *Id.* § 17.

32.     As of the date of this filing, neither party has sought to terminate or otherwise modify the Agreement and the Agreement remains in effect in its original form.

33.     Under the Agreement, Yellow agreed to provide interstate, intrastate, and foreign commerce motor carrier services as requested by First Brands and its subsidiaries and affiliates (the "Transportation Services"). Ex. A § 1.

34.     In exchange for those Transportation Services, First Brands agreed to compensate Yellow in accordance with the schedule of rates and charges set forth in Schedules B and C of the Agreement. *Id.* § 3.

35.     Under the Agreement, Yellow is required to invoice First Brands within one hundred eighty (180) days from the date such Transportation Services are provided to First Brands. *Id.* § 13.

36.     Under the Agreement, First Brands is required to pay Yellow within forty-five (45) days of the original invoice. *Id.* § 13.

37.     Under the terms of the Agreement, First Brands is required to raise any billing disputes within 180 days of the date of the original invoice; First Brands has not raised any such disputes. *Id.* § 14.

38.     The Parties performed pursuant to the Agreement in the ordinary course of their business, with Yellow providing Transportation Services to First Brands and First Brands compensating Yellow in accordance with the Agreement.

39.     During the Parties' relationship, Yellow provided Transportation Services to First Brands valued at $5,520,329[6] for which First Brands never paid.

40.     Despite acknowledging receipt of the relevant invoice(s) and never disputing the amount(s) due thereunder, First Brands never paid Yellow for those Transportation Services.

41.     Instead, First Brands has inexplicably withheld payment and, as a result, $5,520,329 is due and owing from First Brands to Yellow.

42.     Shortly after commencing these chapter 11 cases, the Debtors contacted First Brands demanding payment of the past due balances under the invoices.

43.      The Debtors subsequently contacted First Brands no less than two dozen times during the pendency of these chapter 11 cases demanding payment of past due balances under the invoice(s).

44.     First Brands has disregarded Yellow's demands for payment and continues to withhold payment.

45.     Put simply, First Brands is required to pay Yellow for the Transportation Services Yellow rendered to First Brands pursuant to the Agreement, as reflected on the relevant invoices.

46.     Because First Brands has impermissibly withheld payment of valid charges reflected on the relevant invoices, First Brands currently owes not less than $5,520,329 to Yellow.

---

[6]     This figure represents the aggregate value of the Transportation Services that Yellow believes are in dispute according to Yellow's records. Despite repeated attempts at outreach, First Brands has refused to meaningfully engage with Yellow on the specific amount in dispute. Yellow believes there are potentially additional amounts owed by other First Brands' entities but has been unable to confirm due to First Brands' lack of engagement.

## CLAIMS FOR RELIEF

### COUNT I
### Turnover under 11 U.S.C. § 542(b)

47.     Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

48.     Prior to the commencement of the bankruptcy case, Yellow rendered valuable services to First Brands for which Yellow has not been compensated.

49.     First Brands' obligation to compensate Yellow for the pre-petition Transportation Services described above is fixed, presently due, and owing; no further act, event, or condition precedent is required to trigger First Brands' duty to pay such compensation.

50.     The right to receive compensation for the pre-petition services rendered to First Brands constitutes property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) and is subject to administration by the estate for the benefit of creditors.

51.     A claim seeking payment for uncompensated services is sufficient to plead turnover because, once the services have been provided and payment is due, no further act or event is required to make the debt matured and payable on demand.  *See e.g., In re Black Diamond Mining Co.*, 2009 WL 1657575, at *8 (Bankr. E.D. Ky. June 11, 2009) (citing *In re Nuckols and Assocs. Sec., Inc.*, 109 B.R. 294, 296 (Bankr. S.D. Ohio 1989)).

52.     First Brands is thus required to compensate Yellow in the amount of not less than $5,520,329.

### COUNT II
### Breach of Contract

53.     Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

54.     If this Court finds recovery under the turnover claim unwarranted, then Yellow claims breach of contract in the alternative.

55.     The Agreement is a valid and binding contract that sets forth legal obligations and legal rights of Yellow and First Brands, who are the parties under the Agreement.

56.     In accordance with the Agreement, and upon First Brands' request, Yellow performed Transportation Services amounting to not less than $5,520,329.

57.     Under Section 3 of the Agreement, First Brands has a contractual obligation to pay Yellow for Transportation Services in connection with the Agreement.

58.     Yellow properly invoiced First Brands for the Transportation Services totaling at least $5,520,329.

59.     As of the date of this filing, the amount due and outstanding under the invoice(s) is not less than $5,520,329, owed to Yellow under the terms of the Agreement.

60.     As previously described, Yellow has repeatedly requested payment from First Brands to no avail.

61.     Yellow has performed under the Agreement in all material respects.

62.     First Brands has, on multiple occasions, accepted and acquiesced in Yellow's performance under the Agreement, as evidenced by its repeated acceptance of Yellow's services and its consistent furnishing of payment for those services without objection; this established pattern of conduct demonstrates a course of performance under the Agreement, wherein First Brands, with knowledge of Yellow's manner of performance, continued to accept such performance and rendered payment accordingly, thereby manifesting its assent to Yellow's performance as conforming to the Agreement.

63.     First Brands' failure to pay the total outstanding invoices is a material breach of the Agreement.

64.     Yellow has been damaged by First Brands' breach and is entitled to damages to compensate Yellow for that breach.

65.     As a result, First Brands owes Yellow an amount not less than $5,520,329.

66.     In its capacity as the Debtors in Possession of the aforementioned chapter 11 cases, Yellow has an obligation under 11 U.S.C. §§ 704, 1107 to collect accounts receivable owed to the estate and, if this invoice remains unpaid, Yellow will continue to suffer from First Brands' breach because it will deprive the estate of additional value that could be distributed to unsecured creditors following the effective date of the Debtors' chapter 11 plan.

### COUNT III
**Account Stated**

67.     Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

68.     If this Court finds that an award of damages under the turnover or breach of contract claims unwarranted, then Yellow claims account stated in the alternative.

69.     The parties' performance under the Agreement establishes a debtor-creditor relationship between Yellow and First Brands because Yellow provided the Transportation Services up-front and on credit, and First Brands is obligated to pay Yellow after services have been rendered.

70.     First Brands received invoice(s) from Yellow for Transportation Services Yellow provided to First Brands.

71.     First Brands has not disputed the invoiced amount for the Transportation Services.

72. By requesting that Yellow provide the Transportation Services and First Brands' history of paying Yellow's invoices for Transportation Services upon receipt, First Brands objectively assented to a payment obligation to Yellow for services rendered.

73. Therefore, First Brands owes to Yellow an amount not less than $5,520,329.

## COUNT IV
**Quantum Meruit**

74. Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

75. If this Court finds that an award of damages under the turnover, breach of contract, or account stated claims is unwarranted, then Yellow claims quantum meruit in the alternative.

76. Yellow furnished valuable services to First Brands with the expectation that Yellow would be paid for those services.

77. Yellow had a reasonable expectation of being compensated for its services.

78. Without reason or justification, First Brands has refused to pay Yellow any compensation for the Transportation Services at issue.

79. By refusing to pay Yellow for the Transportation Services, First Brands has unfairly benefitted, and Yellow has suffered severe harm.

80. If there is no adequate remedy at law, this Court should award Yellow quantum meruit to fairly compensate Yellow for the value of the Transportation Services.

81. As a result, First Brands owes Yellow an amount not less than $5,520,329.

## COUNT V
**Unjust Enrichment**

82. Yellow realleges and incorporates the preceding paragraphs as if set forth fully herein.

83.     If this Court finds that an award of damages under the turnover, breach of contract, account stated, or quantum meruit claims is unwarranted, then Yellow claims unjust enrichment in the alternative.

84.     Even if First Brands was not contractually obligated to compensate Yellow for the Transportation Services at issue, Yellow justifiably relied on the ongoing assurances First Brands gave to Yellow that First Brands would pay for the Transportation Services.

85.     The Transportation Services provided by Yellow conferred a benefit to First Brands that enabled First Brands to move its goods and property into the stream of commerce and derive revenue through the conduct of its business.

86.     It would be an injustice to permit First Brands to retain the benefit of the valuable services provided by Yellow without compensating Yellow for the Transportation Services.

87.     As a result, First Brands owes Yellow an amount not less than $5,520,329.

### Prayer for Relief

WHEREFORE, Yellow respectfully requests that the Court enter judgment in favor of Yellow as follows:

(a)     An order requiring immediate turnover of estate property held by First Brands in the amount of $5,520,329;

(b)     In the alternative, awarding Yellow actual damages in the amount not less than $5,520,329 (plus reasonable interest as determined by this Court) to compensate it for any loss sustained;

(c)     An award of reasonable attorneys' fees and costs incurred in this action; and

(d)     Granting Yellow such other relief as the Court deems appropriate under the circumstances.

Wilmington, Delaware
Dated: August 5, 2025

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
          tcairns@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Casey McGushin (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:  patrick.nash@kirkland.com
          david.seligman@kirkland.com
          casey.mcgushin@kirkland.com

- and -

Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:  allyson.smith@kirkland.com

*Co-Counsel for the Debtors*
*and Debtors in Possession*